## Case No. 13,404.

### STEVENS v. MACK.

[5 Blatchf. 514; [1] 6 Int. Rev. Rec. 181.]

Circuit Court, S. D. New York. Nov. 13, 1867.

INTERNAL REVENUE—REMOVAL OF CAUSES.

The act of March 2, 1833 (4 Stat. 632), providing for the removal into the courts of the United States of cases arising under the revenue laws, brought in the state courts, does not apply to cases arising under the internal revenue laws.

This was a motion by the plaintiff [William S Stevens] to quash a writ of certiorari, by which this suit, brought in a state court, was removed into this court. The parties were both of them citizens of the state of New York, and the suit was brought against the defendant [John Mack] for a cause of action which arose prior to June 30th, 1864, out of acts done by the defendant as an officer in the internal revenue service, appointed prior to the passage of the act of June 30, 1864 (13 Stat. 223).

William Allen Butler, for plaintiff.

Benjamin K. Phelps, Asst. Dist. Atty., for defendant.

BENEDICT, District Judge. By the 50th section of the internal revenue act of June 30, 1864 (13 Stat. 241), the act of March 2, 1833 (4 Stat. 632), which gave to the national courts jurisdiction over all cases arising under the revenue laws of the United States, was made applicable to all cases arising under the laws for the collection of internal duties. This provision of the act of June 30, 1864, was, however, repealed by the 68th section of the internal revenue act of July 13, 1866 (14 Stat. 172), and this latter act, by express provision, confers upon the circuit courts of the United States jurisdiction over actions brought against officers appointed under, or acting by, authority of the internal revenue act of June 30, 1864, or of any act in addition thereto or in amendment thereof. The jurisdiction conferred by the act of July 13, 1866, being thus limited to cases which come under the act of 1864 and its amendments, and the 50th section of 1864 having been repealed, if this court has any jurisdiction in the premises, it can only be by virtue of the act of March 2, 1833. The general terms, "revenue laws of the United States," used in the act of March 2, 1833, undoubtedly might, if standing alone, include all revenue laws of every description; but, used, as they are, in an act entitled "An act further to provide for the collection of duties on imports," they must be considered as not intended to include laws for the collection of internal duties. This construction has been the one adopted by congress itself, as is evident from the enactment, above referred to, in the 50th section of the act of June 30, 1864, while the deliberate repeal of the latter

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

section indicates an intention, on the part of congress, that the jurisdiction of the national courts, in cases arising under the laws for the collection of internal duties, should not be derived from the provisions of the act of 1833. The motion must, therefore, be granted.